EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Medidas Judiciales ante situación de emergencia por terremoto reciente | 2020 TSPR 02 203 DPR _____ |
| --- | --- |

Número del Caso:  EM-2020-02

Fecha:  14 de enero de 2020

Materia:  Resolución del Tribunal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Medidas judiciales ante
situación de emergencia por
terremoto reciente

EM-2020-02

RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de enero de 2020.

Durante la madrugada del 7 de enero de 2020, se registró un terremoto de magnitud 6.4 que estremeció a todo Puerto Rico, el cual ha sido acompañado por cientos de réplicas que han comprometido múltiples estructuras públicas y privadas, así como utilidades públicas. En atención a la situación de emergencia que ello provocó, el 8 de enero de 2020 este Tribunal emitió una Resolución mediante la cual aplazó los términos que vencían entre el 7 y 10 de enero de 2020 hasta el 13 de enero de 2020.

Debido a las dificultades que aún imperan en Puerto Rico por razón de los eventos sísmicos, disponemos un procedimiento especial para eximir temporeramente a las abogadas y abogados de cumplir con los requisitos de forma y contenido que establezcan las reglas aplicables para aquellos recursos cuyos términos de vencimiento sean jurisdiccionales.

Para beneficiarse de esta exención, la abogada o abogado deberá presentar una moción de aviso en el tribunal correspondiente, **en o antes de que venza el término jurisdiccional,**[1] mediante la cual:

---

[1] A manera de excepción, se dispone que para aquellos recursos cuyos términos jurisdiccionales vencieron ayer, 13 de enero de 2020, la correspondiente moción de aviso podrá presentarse en el tribunal correspondiente **hoy, 14 de enero de 2020.**

(1) notifique su intención de presentar el recurso, (2) identifique las partes, el número de caso (si aplica) y la Región Judicial con competencia, (3) acredite, de manera detallada, las razones por las cuales los eventos sísmicos recientes le han impedido cumplir con los requisitos de forma y contenido que exigen las reglas aplicables dentro del término jurisdiccional correspondiente. Esta moción de aviso podrá someterse mediante el sistema SUMAC o presentarse de manera física en cualquiera de las Secretarías correspondientes. Además, dicha moción se podrá presentar en manuscrito.

Una vez se presente la moción de aviso, comenzará a transcurrir un término **improrrogable** de veinte (20) días para que la abogada o abogado presente el recurso que notificó que presentaría, cumpliendo con todos los requisitos de forma y contenido según las reglas aplicables. El plazo para replicar a dicho recurso comenzará a transcurrir a partir de la presentación del escrito final que cumpla con todos los requisitos de forma y contenido que las reglas aplicables establezcan para estos escritos. De no presentarse el recurso dentro de este término de veinte (20) días, se entenderá que la moción de aviso nunca interrumpió el término jurisdiccional original para presentar el recurso.

Este procedimiento especial para eximir temporalmente los requisitos de forma se extenderá por treinta (30) días, a partir de hoy martes, 14 de enero de 2020 hasta el jueves, 13 de febrero de 2020.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta está conforme y emite la siguiente expresión:

> Miles de puertorriqueñas y puertorriqueños al suroeste de Puerto Rico aún están en medio de la emergencia que les ha privado de techo y de los servicios esenciales por razón de los acontecimientos sísmicos que se comenzaron a sentir desde el 28 de diciembre de 2019. Contrario al evento catastrófico del huracán María, que inhabilitó las operaciones en todo Puerto Rico, gran parte de la isla sólo ha sentido un impacto mucho menor de este evento por lo que corresponde proponer alternativas noveles para vindicar los derechos de aquellos que no están en posición de acudir a los tribunales, aun cuando la mayoría de nuestras sedes ya están operando como de ordinario. Como ha sido ampliamente documentado, los eventos sísmicos han ocasionado daños estructurales y sus efectos psicológicos sobre una población que no tiene fecha cierta de un fin de dicha actividad concretamente impiden la vuelta a la normalidad para miles de nuestros conciudadanos. Corresponde que la Rama Judicial sea solidaria hacia las víctimas de

estos eventos de una manera que resulte en un trato uniforme y preciso. Al mismo tiempo, asume su responsabilidad de promover la finalidad de los asuntos judiciales que se puedan atender, en beneficio de la certeza jurídica. El procedimiento especial y temporero que instrumenta esta Resolución cumple ambos propósitos: (a) habilita un mecanismo para que aquellas personas que continúan siendo afectadas adversamente tengan su día en corte; y (b) asegura que aquellos profesionales del derecho que pueden cumplir con los términos aplicables continúen haciéndolo. Por tanto, estoy conforme con el procedimiento especial que instrumenta esta Resolución.

El Juez Asociado señor Estrella Martínez está conforme y emite la siguiente expresión:

Estoy conforme con el mecanismo extraordinario adoptado en la Resolución que hoy certificamos porque Puerto Rico vive una circunstancia extraordinaria concreta y palpable que amerita que los reclamos de la ciudadanía no se estrangulen en un formalismo abstraído de la realidad social que vive la comunidad jurídica y el Pueblo en general. El mecanismo uniforme delineado en esta Resolución está enmarcado en la facultad de este Tribunal para prescindir de procedimientos y términos que conduzcan a un estado de obstaculización de acceso a la justicia. Por el contrario, omitir la acción contenida en esta Resolución lo único que promovería sería la insensibilidad y la injusticia. En consecuencia, no se trata de flexibilizar injustificadamente los procesos judiciales, sino de atemperarlos a la realidad y posibilidades de cumplimiento de las partes.

El Juez Asociado señor Martínez Torres disiente y emite la siguiente expresión, a la cual se unen la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García:

Disiento porque esta exención de las exigencias de nuestro Reglamento se adelanta a situaciones cuya existencia es especulativa. Constituye un mal precedente que se puede mal interpretar como una invitación a tomarse más tiempo para perfeccionar los recursos. En lugar de aprobar una norma para atender situaciones hipotéticas, deberíamos atender individualmente todo caso en el que acredite la dificultad para perfeccionarlo, por fuerza mayor, si ello se nos plantea.

La Juez Asociada señora Rodríguez Rodríguez no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo